7:20-CV-1731-MHH-HNJ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Rosalinda Trevino-Alvarez<br>    Plaintiff | )<br>)<br>) |
| v. | ) Criminal No. A-08-cr-290(1) LY<br>)<br>) Civil No.: |
| US Marshalls<br>William Barr AG<br>Aliceville Warden/Prison<br>FBOP | )<br>)<br>)<br>) |

## COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION AND TRO

Come Now Plaintiff pro se prisoner, Ms Trevino, seeking TRO and preliminary injunction pursuant to Fed.R.Civ.P.65, against the above listed Defendants, where plaintiff will establish threat of irreparable harm of infection if she remains in BOP custody as the nature of detention facilities made exposure and spread of COVID virus particularly harmful.

1. The Plaintiff is a prisoner at SPC Aliceville who has a BMI .40+ has asthma, and smoked for years which are 3 underlying issues that make her vulnerable to complications in contracting the COVID virus while in their confinement.

### Conditions of confinement -Argument

Plaintiff has 3 underlying illnesses that she faces serious risks to her health in the CAMP where confined.(asthma, obese-severe, smoker & Hep C) In considering a motion for TRO, the courts have also recognized that health risk to be particularly acute and of constitutional significance for inmates who are elderly or have underlying illnesses as listed in the CDC guidelines. Petitioner argues a violation of Eighth and Fourteenth Amendments, for Federal and state detainees, respectively, may well be implicated if defendants can demonstrate that they are being subjected to conditions of confinement that would subject them to exposure to serious(potentially fatal, if the detainee

pg 1 of 6

is elderly, or with underlying medical complications) illness. It is well-settled that an alleged constitutional violation constitutes irreparable harm. The alleged violation of a constitutional right triggers a finding of irreparable injury. Inmates can establish a due process violation for unconstitional conditions of confinement by showing that a government offical knew, or should have known of a condition that posed an excessive risk to health and failed to take appropriate action. Deliberate indifference can be established by either a subjective or objective standards. Plaintiff can prove deliberate indifference by showing Aliceville's own officers/defendants recklessly failed to act with reasonable care to mitigate the risk that the conditions posed to the inmate even though the defendant officially knew or should have known that the conditions posed an excessive risk to the plaintiffs health or safety. The Supreme Court has recognized that the governments authorities may be deemed deliberately indifferent to an inmates current health problems where authorities ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year, including exposure of inmates to a serious, communicable disease, even when the complaining inmate shows no serious current symptoms. The Petitioner need not demonstrate that they actually suffered from serious injuries to show a due process violation. Instead, showing that the conditions of confinement pose an unreasonable risk of serious damage to their health is sufficient. In an application for temporary restraining order, the courts, consider that other courts have recognized of the heightened risk to inmates in contracting the COVID-19. Detaining vulnerable individuals without enforcement of appropriate social distancing and without specific measures to protect their delicate health poses an unreasonable risk

of serious damage to their future health, and demonstrates deliberate indifference. Petitioner is in a CAMP with an open bay style bunk beds, where it is impossible to maintain social distancing, officers from the FCI where current infection is spreading like wildfire come and go to CAMP with no gloves, no masks, or social distancing. All chemicals at SPC Aliceville are so watered down it is as if the inmates are cleaning with water only. Inmates use the same common areas, showers, sinks, dinning hall, computers, and phones without disinfecting inbetween. Plaintiff is an essential worker who works with all unit staff on a daily basis who do not wear masks or gloves. The unit/camp staff come and go from the FCI and the post office easily bring the virus exposure to the inmates. SPC Aliceville has given masks that are so big they will not stay on inmates face. Leaving them suspectible to harm. SEE Exhibit A -Medical records of diagnosis

Absent this preliminary relief, petitioner is likely to suffer irreparable harm contracting COVID-19 and not making it home.

**Risk of death - Irreparable Harm**

On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic. Petitioner is at a facility where there has already been 19 confirmed cases and counting. This includes inmates and staff. SEE Exhibit B -News posts

The nature of detention centers and prison facilities make exposure and spread of the virus particularly harmful. Jaimie Meyer M.D., M.S., who has worked extensively on infectious diseases treatment and prevention in the context of jails and prisons, recently submitted a declaration in the New York District Court noting that the risk of COVID-19 to people in prison/jail facilities "is significantly higher than in the community, both in terms or transmission, exposure, and harm to individuals who become infected." Meyer Decl. Velesaca

Wolf, 20 Civ. 1803(S.D.N.Y. Feb. 28,2020), ECF No.42. "It will be impossible to prevent widespread infections inside a facility where the virus is now there because detainees live, sleep, and use the bathroom in close proximity with others, and because behind bars, some of the most basic disease prevention measures are against the rules or simply impossible." Petitioner faces serious risks to health in their confinement. See <u>CDC Corona Virus Centers for Disease Control</u> COVID-19 and Underlying Conditions including "obesity" which trigger higher risk of severe illness from COVID-19; See Fed.R.Evid.201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questiond.") <u>Brickey v. Superintendent</u>, Franklin Corr. Facility, No. 10 Civ.085, 2011 U.S. Dist. LEXIS 24483, 2011 WL 868148, at*2 n.3 (N.D.N.Y. Feb. 17, 2011). A number of courts in several districts have recognized the threat that COVID-19 poses to individuals held in jails and other detention facilities. See <u>United States v. Stephens</u>, No.15 CR. 95, 2020 U.S.Dist.LEXIS 47846, 2020 WL 1295155, at *2(S.D.N.Y. Mar.19, 2020)("Inmates may be at heightened risk of contracting COVID-19 should an outbreak develope.") The chaos has already begun at Aliceville, prison inmates and employees have already tested positive for the virus. Reduction in population "is in the public interest to mitigate risks imposed by COVID-19" "especially for non-violent offenses" as plaintiff in this case.

## Constitutional Violations

Petitioner argues that her continued confinement at SPC/FCI Aliceville where COVID-19 is present and without adequate protection for her

health violates due process rights and constitutional rights. The risks of contracting COVID-19 in tightly-confined spaces, especially prisons is now exceedingly obvious. It can no longer be denied that Petitioner who suffers from obesity, or underlying illness, is caught in the mist of a rapidly-unfolding public health crisis. The Supreme Court has recognized that government authorities may be deemed "deliberately indifferent to an inmate's current health problems" where authorities "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering, including "exposure of inmates to a serious, communicable disease," even when "the complaining inmate shows no serious current symptoms." Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed. 2d 22 (1993). Respondents can exhibit and exhibit deliberate indifference to Petitioner's medical needs. The spread of COVID-19 is measured in a matter of a single day-not weeks, months, or years-and Respondents continue to ignore the conditions of confinement that will likely cause imminent, life threatening illness. Respondent can continue arguing that they are taking certain measures to prevent the spread of the virus; screening inmates; isolating any who report symptoms, conducting video court appearances with only one inmates in the room at a time; providing soap and hand sanitizer to inmates, and increasing the frequency and intensity of cleaning facility. These measures are patently insufficient to protect Petitioner. Respondent can not represent that the detention facility is in a position to allow inmates to remain six feet apart from one another, as recommended by the CDC. Confing vulnerable individuals such as Petitioner without enforcement of appropriate social distancing and without specific measures to protect their delicate health "poses an unreasonable risk of serious damage to their future health," Phelps, 308 F.3d at 185 (internal

quatation marks and citation omitted), and demonstrates deliberate indifference.

Therefore the Petitioner is likely to succeed on the merits of her TRO and Preliminary injunction.

The equities and public interest weigh heavily in Petitioner's favor. Petitioner faces irreparable harm, to her constitutional rights and her health. Second the potential harm to Respondant is limited. Petitioner would be converting her place of confinement to "home confinement" instead of continued incarceration at facility where irreparable harm is likely. The public interest favors Petitioner's release. Petitioners in the highly unusual circumstances posed by COVID-19 crisis, continued detention of aging or vulnerable detainees does not serve the public's interest. See Declaration of Dr.Homer Venters,5:19 Civ. 1546, ECF No. 81-11 (C.D. Cal. Mar. 24, 2020) . To the contrary, public health and safety are served best by rapidly decreasing the number of individuals detained in confined, unsafe conditions. See e.g., <u>Grand River Enterprises Six Nations, Ltd. v Pryor</u>, 425 F.3d 158, 169 (2nd Cir. 2005)(referring to public health as a significant public interest).

### Relief demanding

Petitioner seeks home confinement from the FBOP facility, to serve the remainder of her sentence on home confinement, due to the unsafe conditions during this global PANDEMIC at the facility where she is confined.

Petitioner prays this court grant her preliminary injunction and TRO and allow her to serve the remainder of the sentence imposed on home confinement. Respectfully Submitted this 3rd day August, 2020.

Ord. Date   TREVINO-ALVAREZ, ROS        Gross, Sharon
07/31/20    18187-280    CPS    E01      (1) Refills
Exp. Date   inhale 1 puffs four times daily AS
01/27/21    NEEDED

Ex. A

# G.I. ASSOCIATES of WEST ALABAMA

FCI Aliceville

18187-280

1774 McFARLAND BLVD. N., TUSCALOOSA, AL 35406
PHONE 205-759-2920    FAX 205-759-1344 OR 205-247-3044
WWW.GIWESTAL.COM

| | | | |
|---|---|---|---|
| **Date:** | 11/29/2018 7:45 AM | | |
| **Patient Name:** | ROSALINDA TREVINO-ALVAREZ | **Gender:** | Female |
| | | **DOB (age):** | ▓▓▓▓ (43) |
| **Account #:** | 305213 | | |
| **Provider:** | Jennifer Palmer, MD | | |
| **Referring Physician:** | Richard Griffin, MD, MD<br>11090 HWY 14, Aliceville, AL 35442<br>(205) 373-5000 (phone)<br>(205) 373-5027 (fax) | | |
| **Chief Complaint:** | Personal history of polyps | | |

## History of Present Illness:

ROSALINDA TREVINO-ALVAREZ is seen for an initial visit today. Colonoscopy was performed 5 years ago. Findings were abnormal. Abnormalities included: adenomatous colon polyps. Pertinent negative symptoms include abdominal pain, abdominal swelling, black stools, change in bowel habits, constipation, diarrhea, dysphagia, gas, heartburn, jaundice, nausea, rectal bleeding, stomach cramps, vomiting, vomiting blood, blood in stool, bloating, dysphagia for solids, dysphagia for liquids.

## Past Medical History

**Medical Conditions:** Asthma
Colon Polyps, ~2012 (Tubular adenoma, Hyperplastic)
Endometriosis
Gastritis
History of H. pylori
Internal Hemorrhoids
Plantar fascial fibromatosis
Vitamin D Deficiency

**Surgical Procedures:** Laparoscopic Cholecystectomy
Endometrial Ablation

**Dx Studies:** Colonoscopy, ~2012, colon polyps, internal hemorrhoids

**Medications:** omeprazole 40 mg Take 1 tablet by mouth once a day

**Allergies:** Wellbutrin - Heart racing

**Immunizations:** Flu vaccine, 11/2018

## Social History

**Alcohol:** None
**Tobacco:** Former smoker
Cigarettes, quit ~2007.
**Drugs:** None
**Exercise:**
**Caffeine:** 1 cup of coffee daily.
**Marital Status:** Single
**Occupation:**

Printed on 11/29/2018 ROSALINDA TREVINO-ALVAREZ, 305213, 7/24/1975

EX-A

**Family History**  No history of Bleeding Disorders, CA - Stomach, Cholelithiasis, Colon Cancer, Colon Polyps - Family History, Crohn's Disease (Colon), Esophageal Cancer, GERD, Liver Disease, Ulcerative Colitis
**Grandmother:** Diagnosed with CA Stomach;
**Mother:** Diagnosed with Diabetes;
**Brother:** Diagnosed with CA Stomach;

### Review of Systems:

**Allergic/Immunologic:** *Denies* persistent infections, strong allergic reactions or urticaria.
**Cardiovascular:** *Denies* chest pain, irregular heart beat.
**Constitutional:** *Denies* fatigue, fever, loss of appetite, weight loss.
**ENMT:** *Denies* dizziness, sore throat, hearing loss, sinusitis, ringing in ear.
**Gastrointestinal:** *Denies* abdominal pain, abdominal swelling, black stools, change in bowel habits, constipation, diarrhea, dysphagia, gas, heartburn, jaundice, nausea, rectal bleeding, stomach cramps, vomiting, vomiting blood, blood in stool, bloating, dysphagia for solids, dysphagia for liquids, coffee ground emesis, hematemesis (red), hx peptic ulcer disease, hx blood transfusion, hx IVDA, hx of viral hepatitis, hx of pancreatitis, gastric bypass surgery, recent travel, recent antibiotics, acoholic stools.
**Genitourinary:** *Denies* dark urine, decrease in urine flow, dysuria, frequent urinary infections, frequent urination, hematuria, nocturia, urethral discharge or incontinence, kidney stones, Stress Incontinence.
**Hematologic/Lymphatic:** *Denies* prolonged bleeding, anemia.
**Integumentary:** *Denies* jaundice.
**Musculoskeletal:** *Denies* arthritis, back pain, gout, joint deformity, joint pain, muscle weakness, stiffness, lupus, fibromyalgia.
**Respiratory:** *Denies* sleep apnea.

### Vital Signs:

| BP (mmHg) | Pulse (ppm) | Rhythm | Weight (lbs/oz) | Height (ft/in) | BMI |
|---|---|---|---|---|---|
| 102/68 | 74 | Regular | 201 / 6 | 5 / 1 | 38.05 |

### Physical Exam:

**Impressions:** Gastroesophageal reflux disease
Family H/O Gastric Cancer
H/O H. Pylori Infection
Personal History of Colon Polyps

**Plan:** Colonoscopy/EGD w/ MAC w/ Split Dose Golytely
Colonoscopy Prep Education Handout
EGD Prep Education Handout
Golytely 236-22.74-6.74-5.86 gram Take as directed
Zofran 4 mg Take 1 tablet by mouth every six hours as needed

**Risk & Medical Necessity:** Diagnosis and management options are Minimal. The amount of data reviewed and/or ordered is Minimal/None. The level of risk is Minimal.

**Notes:** I have explained to the patient the risks, benefits, and alternatives including risks of sedation, heart, or lung problems, bleeding, perforation, infection, and/or failure to treat or diagnose. The patient understands all of this and wishes to proceed. I will keep you abreast of the findings of the patients examination.

Jennifer Palmer, MD


EX-A

Printed on 11/29/2018 ROSALINDA TREVINO-ALVAREZ, 305213, 7/24/1975

# Bureau of Prisons
# Health Services
# Inmate ISDS Report

**Reg #:** 18187-280     **Inmate Name:** TREVINO-ALVAREZ, ROSALINDA

SENSITIVE BUT UNCLASSIFIED – This information is confidential and must be appropriately safeguarded.

Transfer To: _____     Transfer Date: 08/18/2017

## Health Problems

| Health Problem | Status |
|---|---|
| Helicobacter pylori (H. pylori) | Current |
| still present per endoscopy. will be treated. | |
| Hepatitis C, chronic w/o mention of hepatic coma | Current |
| HCV genotype 1a, VL:138,531 | |
| Other early skin lesions | Current |
| nasal corner of eye( only skin, not eye involved). | |
| Unspecified vitamin D deficiency | Current |
| Hemorrhoids, internal without mention of comp | Current |
| Allergic rhinitis due to pollen | Current |
| Asthma, unspecified | Current |
| Other specified gastritis | Current |
| Antral gastritis | |
| Plantar fascial fibromatosis | Current |
| Deferred | Current |
| Deferred | Current |
| Psychosocial and environmental problems | Current |
| Psychosocial and environmental problems | Current |
| GAF 51 - 70 | Current |
| GAF 51 - 70 | Current |
| Gen psych exam, see health prob list | Current |
| Body Mass Index 36.0-36.9, adult | Current |
| BMI 36.3 | |
| Cannabis abuse | Remission |
| Cocaine abuse | Remission |

**Medications: All medications to be continued until evaluated by a physician unless otherwise indicated. Bolded drugs required for transport.**

Albuterol Inhaler HFA (6.7 GM) 90mcg  Exp: 02/08/2018  SIG: Don't use daily. Inhale 2 puffs by mouth 4 times a day as needed to prevent/relieve asthma attack (inhaler to last 90 days. If need more, make sick call) "Empty container is to be returned for refill"

**OTCs: Listing of all known OTCs this inmate is currently taking.**
None

**Pending Appointments**

| Date | Time | Activity | Provider |
|---|---|---|---|
| 04/16/2017 | 00:00 | PPD Administration | Nurse |
| 08/07/2017 | 00:00 | Pap Smear | MLP 01 |
| 01/01/2018 | 00:00 | Chronic Care Visit | Physician |

**TB Clearance:** Yes

Last PPD Date: 04/16/2016     Induration: 0mm
Last Chest X-Ray Date: _____     Results: _____
TB Treatment: _____     Sx free for 30 days: Yes
TB Follow-up Recommended: No

**Sickle Cell:**
Sickle Cell Trait/Disease:   Not applicable.
FOR ISDS ONLY



Ex-A Page 1 of 2

Generated 02/19/2017 20:06 by Mecey, Nikki RN     Bureau of Prisons - ALI

TRULINCS 18187280 - TREVINO-ALVAREZ, ROSALINDA - Unit: ALI-E-E

----------------------------------------------------------------------------------

FROM: Health Services
TO: 18187280
SUBJECT: RE:***Inmate to Staff Message***
DATE: 08/03/2020 05:47:02 PM

A review of your medical record shows you were evaluated by nursing staff for your complaint of wheezing. An inmate copayment was charged in accordance with policy and the charge remains in effect.

\>>> ~^!"TREVINO-ALVAREZ, ~^!ROSALINDA" <18187280@inmatemessage.com> 8/1/2020 6:31 PM >>>
To: Ms. Farrior
Inmate Work Assignment: law library

I got charged a copay for sick call on the 30th . I am chronic care am i not suppose to be charged .Can you please credit my account.

Ex-A

---

FROM: ███████
TO: ███████
SUBJECT: Yours
DATE: 06/14/2020 09:06:01 PM

CBS 42

Coronavirus raises concerns at Aliceville Federal Prison
Tim Reid

ALICEVILLE, Ala. (WIAT)   The coronavirus is causing concerns in local prisons. Some corrections officers at the Aliceville Federal Prison for Women are worried about the virus spreading to staff and prisoners.

Union representative Terrence Windham who is a corrections officer and an Aliceville city councilman says staff members and other guards are scared about the possibility of the virus spreading behind bars.

"Mainly my concerns are that we don't have equipment including cleaning supplies and testing supplies," Windham said. "If someone does have Comavirus that they are being tested and isolated so it won't spread to the inmate population and most importantly to the staff members."

Windham believes the prison does not have enough cleaning supplies and face masks.

"It is their responsibility to make sure we have all the cleaning supplies that we need," he said. "The standard cleaning supplies the bureau uses is a little watered down compared to your average Clorox or Lysol would be. So those are the concerns we have as far as trying to clean up this virus as well."

Justin Long says the Aliceville prison has more than enough supplies to last. Long is the Public Affairs Officer for the Federal Bureau of Prisons.

"All cleaning, sanitation, and medical supplies have been inventoried at the Bureau of Prisons' 122 facilities, including FCI Aliceville, and an ample amount of supplies are on hand and ready to be distributed or moved to any facility as deemed necessary," Long said. "Inmates are encouraged to wash their hands frequently with soap and water in accordance with the CDC's guidance.  There is no shortage of hand soap for either staff or inmates."

LATEST POSTS
Birmingham Fire battling structure fire on Parkway East
Today is the US Army's 245th birthday
Memorial bike ride for fallen Moody police office
Daughter of Hank Williams Jr. killed in Tennessee crash
SAM's Club in Birmingham now offering curbside services
Categories: Coronavirus, Local News, News

Loading ...
CBS 42
Back to top



Ex-B

WEATHER

WATCH
Ten COVID-19 cases reported in one Alabama federal prison
by Stephen Gallien
Tuesday, May 12th 2020

St. Clair Correctional facility (ABC 33/40)
ALICEVILLE, Ala. (WBMA)
The Bureau of Federal Prison is dealing with nearly a dozen COVID-19 cases inside it's facility in Aliceville.

ADVERTISEMENT
Newly released information by the prison system shows six inmates and four staff members tested positive for the virus. Three prisoners and three staff members have recovered.

RELATED >>> More coronavirus news from ABC 33/40

The prison in Pickens County houses a total of nearly 1,400 inmates.

Among the 139,776 federal inmates, 3,379 have tested positive for COVID-19. There have been 49 federal inmate deaths.

ADVERTISEMENT

View This Story on Our Site

© 2020 Sinclair Broadcast Group
Terms & Conditions
Copyright Notices
Privacy & Cookie Policy
EEO Public File Report
FCC Info

EX-B

Coronavirus
# 12 COVID-19 cases reported in Alabama federal prisons
Posted May 11, 2020
FCI Aliceville
The Federal Correctional Institution at Aliceville has seen the majority of Alabama's cases in federal prisons.
By William Thornton | wthornton@al.com
Facebook Icon
Twitter Icon
Email Icon
Text Message Icon
More options Icon

CLOSE
More share options:
Federal prisons in Alabama have seen a total of 12 coronavirus cases among inmates and staff, according to the Federal Bureau of Prisons.

As of Monday, the bureau shows that the majority of cases are at the Federal Correctional Institution in Aliceville.

The Pickens County facility, a medium-security installation for women, has reported 6 inmates and four staff members as testing positive for COVID-19. There is a total of 1,395 inmates at the facility, according to its website.

At Keeton Corrections of Birmingham, a contracted residential reentry center, one inmate has tested positive. The Federal Prison Camp in Montgomery reports one staff member as testing positive.

The Bureau of Prisons reports that 3,379 inmates have tested positive nationally out of a total prison population of more than 139,000 in 11,258 facilities, while 279 staff members, out of about 36,000, have been infected. There have been 49 federal inmate deaths attributable to COVID-19, with most of those at five facilities in California, Texas, North Carolina, Ohio and Louisiana. There have been no deaths among staff members, the bureau says.

Currently, 656 inmates and 279 staff have recovered.

Information from the bureau related to COVID-19 can be found here.

Note to readers: if you purchase something through one of our affiliate links we may earn a commission.

Registration on or use of this site constitutes acceptance of our User Agreement, Privacy Policy and Cookie Statement, and Your California Privacy Rights (each updated 1/1/20).

© 2020 Advance Local Media LLC. All rights reserved (About Us).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of Advance Local.

Community Rules apply to all content you upload or otherwise submit to this site.

Ad Choices

EX-B

CERTIFICATE OF SERVICE

RECEIVED

2020 AUG 10 A 9: 48

This is to certify under penalty and perjury under the laws of the United States of America pursuant to 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing to:

6pg Preliminary Injunction and TRO request
2 exhibits

apon the following address(es) by placing in a sealed envelope, bearing sufficient postage via the United States Postal Services to;

| US DISTRICT COURT CLERK | FBOP-Corporate Office | William Barr Attorney General |
| HUGO BLACK COURTHOUSE | 346 Marine Forces DR | 950 Pennsylvania Ave |
| 1729 5th Ave North | GP Complex | Washington DC |
| Birmingham, AL. 35203 | Grand Prairie, TX 75051 | |

and deposited it into the mailbox provided for inmates on the grounds of the SPC Federal Correctional Institution Aliceville, Alabama on this 3rd day of August, , 2020.

Rosalinda Trevino#18187-280
SPC Aliceville
P.O. Box 487
Aliceville, AL. 35442

Litigation is deemed FILED at the time it was delivered to prison authorities. See Houston v. Lack 487 US 266, 101 L Ed 2d 245 108 S. Ct. 2379(1988)

CERTIFICATE OF SERVICE

This is to certify under penalty and perjury under the laws of the United States of America pursuant to 28 U.S.C. §1746, that I have served a true and correct copy of the foregoing to:

only REQUEST FOR TRO AND PRELIMINARY INJUNCTION

upon the following address(es) by placing in a sealed envelope, bearing sufficient postage via the United States Postal Services to;

served —
Aliceville Prison Warden Garrett
FCI ALICEVILLE
11070 HWY 14
ALICEVILLE, AL. 35442

and deposited it into the mailbox provided for inmates on the grounds of the SPC Federal Correctional Institution Aliceville, Alabama on this 3rd day of August, 2020.

Rosalinda Trevino #18187-280
SPC Aliceville
P.O. Box 487
Aliceville, AL. 35442

Litigation is deemed FILED at the time it was delivered to prison authorities. See Houston v. Lack 487 US 266, 101 L Ed 2d 245 108 S. Ct. 2379(1988)

CLERK, UNITED
NORTHERN DISTRICT OF ALABAMA
HUGO L. BLACK UNITED STATES COURTHOUSE
1729 - 5TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2040

OFFICIAL BUSINESS



austin #

RECEIVED
AUG 17 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Clerk of Court
U.S. District Clerk's Office
655 E. Cesar E. Chavez Blvd., Room G65
San Antonio, Texas 78206